IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

At Charleston

**TONY A. MEADE**,

    Plaintiff,

v.                                                 Civil Action No. 2:19-cv-00647

**BARRY MYNES, JR.**, in his individual capacity
as a Logan County Deputy Sheriff;
**B. D. COBB**, in his individual capacity
as a Logan County Deputy Sheriff;
**J. SHEPPARD**, in his individual capacity
as a City of Logan police officer; and
**J. TINCHER**, in his individual capacity
as a City of Logan police officer,

    Defendants.

    Defendants.

## COMPLAINT

For his **COMPLAINT** against Defendants Barry Mynes, Jr., in his individual capacity as a Logan County Deputy Sheriff; B. D. Cobb, in his individual capacity as a Logan County Deputy Sheriff; J. Sheppard, in his individual capacity as a City of Logan police officer; and J. Tincher, in his individual capacity as a City of Logan police officer, Plaintiff Tony A. Meade states the following:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1334 and under the Court's authority to decide pendent state law claims.

2. Plaintiff files this **COMPLAINT**, pursuant to 42 U.S.C. §1983, alleging violations of his constitutional rights. Specifically, Plaintiff alleges that his rights under the Fourth, Eighth, and Fourteenth Amendment to the United States Constitution and under Article III, Sections 1, 5, 6, and 10 of the West Virginia Constitution were violated by Defendants when Defendants used excessive and wrongful force during the course of arresting Plaintiff on or about September 20, 2017.

### Parties

3. Plaintiff Tony A. Meade at all times relevant to this **COMPLAINT** was a resident of Mingo County, West Virginia.

4. Defendant Barry Mynes, Jr., is sued in his individual capacity as a Logan County Deputy Sheriff and at all times alleged herein, Defendant Barry Mynes, Jr., was acting under color of law and within the scope of his employment.

5. Defendant B. D. Cobb is sued in his individual capacity as a Logan County Deputy Sheriff and at all times alleged herein, Defendant B. D. Cobb was acting under color of law and within the scope of his employment.

6. Defendant J. Sheppard is sued in his individual capacity as a City of Logan police officer and at all times alleged herein, Defendant J. Sheppard was acting under color of law and within the scope of his employment.

7. Defendant J. Tincher is sued in his individual capacity as a City of Logan police officer and at all times alleged herein, Defendant J. Tincher was acting under color of law and within the scope of his employment.

8. This **COMPLAINT** focuses on the unreasonable use of force by one of Defendants, who kicked Plaintiff in the head at a time when Plaintiff was lying face down on the

ground, handcuffed, with two officers on his back. Theoretically, the officer kicking Plaintiff in the head is liable for his acts while the other officers at the scene, who failed to intervene or take any action to prevent the kicking, can be held liable for their own inactions. The challenge in many police beating cases is identifying which specific officer committed which particular act. Although a video of the unreasonable use of force exists, a copy of which will be provided, where the contents of this video will be incorporated into this **COMPLAINT** by reference, the facts in this case will need to be developed in discovery to identify the specific officers involved and what role they played. In a document provided by Defendant Mynes to Logan County Prosecuting Attorney John W. Bennett, Defendant Mynes identified the Defendants named in this **COMPLAINT** as being the law enforcement officers involved in the chase and arrest of Plaintiff. Due to the inability of Plaintiff to identify specifically which officer committed which acts, in this **COMPLAINT**, the word "Defendants" often will be used collectively to describe the involvement of one or more of these Defendants either in the physical beating of Plaintiff or in the failure to intervene to prevent the other Defendants from injuring Plaintiff.

### Facts

9. On September 20, 2017, Plaintiff was driving a Nissan pickup truck in Mingo County, West Virginia, was wearing his seat belt and shoulder harness when some of Defendants began chasing him with their emergency lights activated.

10. This chase ended in Logan County, West Virginia, where Plaintiff's truck was stopped by the actions of some of Defendants, using their police vehicles.

11. As a result of these actions, Plaintiff's truck and two of Defendants' police vehicles collided with each other.

12. After he was stopped, some of Defendants pulled Plaintiff out of his truck and threw him face down on the ground.

13. After Plaintiff was handcuffed and had two of Defendants on his back, one of Defendants kicked Plaintiff in the head a couple of times.

14. While one of Defendants was kicking Plaintiff in the head, the other two Defendants took no action to intervene or stop the kicking.

15. At some point during this interaction with Defendants, Plaintiff was rendered unconscious for a brief period of time.

16. After he was placed under arrest, Plaintiff was taken to the emergency room at the Logan Regional Medical Center.

17. Plaintiff suffered a fracture of his nasal bones, facial lacerations in his cheek and temporomandibular area, swelling in his right and left eyes and right wrist, pain in his left and right hands, and pain in his left shoulder.

18. After performing various tests and suturing Plaintiff's right eyebrow, he was released from medical care and taken to jail.

19. Since this incident, Plaintiff has suffered frequent headaches.

## COUNT I

### *42 U.S.C. §1983*

20. Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 19 of this **COMPLAINT**.

21. Defendants, while acting under color of law, violated Plaintiff's constitutional rights.

22. The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

23. The actions of Defendants were not taken in good faith, were in violation of clearly established law, and were fraudulent, malicious, or otherwise oppressive.

24. Defendants violated Plaintiff's constitutional rights, as described and identified herein, by using excessive and wrongful force during the course of arresting Plaintiff on or about September 20, 2017.

25. Defendants also violated Plaintiff's constitutional rights, as described and identified herein, by failing to intercede and preventing the other Defendants from using excessive and wrongful force during the course of arresting Plaintiff on or about September 20, 2017.

26. As a proximate result of Defendants' unconstitutional actions, Plaintiff seeks to recover damages to compensate him for:

    A. Physical pain and suffering, past and future;

    B. Mental pain and suffering, past and future;

    C. Permanent injuries;

    D. Past and future medical bills;

    E. Scarring;

    F. Humiliation, embarrassment, and degradation;

    G. All other injuries proven by a preponderance of the evidence proximately caused by Defendants.

27. In addition to these compensatory damages, Plaintiff also seeks to recover, under 42 U.S.C. §1988, the attorneys' fees and costs incurred during the course of this litigation.

28. In an effort to prevent other similarly situated individuals from suffering the same violation of their constitutional rights, Plaintiff further seeks to have the Court order Defendants to undergo additional training and education addressing Defendants use of excessive and wrongful force, the development of policies to preclude such actions in the future, and the implementation of discipline against Defendants to hold them accountable for their wrongful actions.

29. Furthermore, Defendants' conduct was carried out with a conscious, reckless and outrageous indifference to the health, safety and welfare of Plaintiff, thereby justifying an award of punitive damages.

## COUNT II

### *STATE CONSTITUTIONAL TORT*

30. Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 29 of this **COMPLAINT**.

31. Count II alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia, and specifically is not filed pursuant to 42 U.S.C. §1983 or any other related federal statute.

32. The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under Article III, Sections 1, 5, 6, and 10 of the West Virginia Constitution.

33. The actions of Defendants also violated the constitutional rights guaranteed to Plaintiff under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

34. The actions of Defendants were not taken in good faith, were in violation of clearly established law, and were fraudulent, malicious, or otherwise oppressive..

35. Defendants violated Plaintiff's constitutional rights, as described and identified herein, by using excessive and wrongful force during the course of arresting Plaintiff on or about September 20, 2017.

36. Defendants also violated Plaintiff's constitutional rights, as described and identified herein, by failing to intercede and preventing the other Defendants from using excessive and wrongful force during the course of arresting Plaintiff on or about September 20, 2017.

37. As a proximate result of Defendants' unconstitutional actions, Plaintiff seeks to recover damages to compensate him for:

    A. Physical pain and suffering, past and future;

    B. Mental pain and suffering, past and future;

    C. Permanent injuries;

    D. Past and future medical bills;

    E. Scarring;

    F. Humiliation, embarrassment, and degradation;

    G. All other injuries proven by a preponderance of the evidence proximately caused by Defendants.

38. In an effort to prevent other similarly situated individuals from suffering the same violation of their constitutional rights, Plaintiff further seeks to have the Court order Defendants to undergo additional training and education addressing Defendants use of excessive and wrongful force, the development of policies to preclude such actions in the future, and the implementation of discipline against Defendants to hold them accountable for their wrongful actions.

39. Furthermore, Defendants' conduct was carried out with a conscious, reckless and outrageous indifference to the health, safety and welfare of Plaintiff, thereby justifying an award of punitive damages.

### COUNT III

### *NEGLIGENCE*

40. Plaintiff hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 39 of this **COMPLAINT**.

41. Defendants and agents and employees were negligent in the performance of their duties within the scope of their employment and such negligence was the proximate cause of Plaintiff's injuries.

42. As a proximate result of Defendants' negligence, Plaintiff seeks to recover damages to compensate him for:

    A. Physical pain and suffering, past and future;

    B. Mental pain and suffering, past and future;

    C. Permanent injuries;

    D. Past and future medical bills;

      E.    Scarring;

      F.    Humiliation, embarrassment, and degradation;

      G.    All other injuries proven by a preponderance of the evidence proximately caused by Defendants.

43.    Furthermore, Defendants' conduct was carried out with a conscious, reckless and outrageous indifference to the health, safety and welfare of Plaintiff, thereby justifying an award of punitive damages.

## PRAYER

WHEREFORE, based on the above stated facts, Plaintiff Tony A. Meade respectfully requests that this Honorable Court award all damages, including attorneys' fees and costs, to Plaintiff to compensate him for the injuries he suffered as a proximate result of Defendants' actions and inactions. Plaintiff also seeks an award of punitive damages to deter other similarly situated law enforcement officers from committing similar acts. Finally, Plaintiff seeks whatever equitable relief the Court deems appropriate, such as requiring Defendants to undergo additional training and education addressing Defendants use of excessive and wrongful force, the development of policies to preclude such actions in the future, and the implementation of discipline against Defendants to hold them accountable for their wrongful actions.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.**

                                        **TONY A. MEADE**, Plaintiff,

                                        --By Counsel--

/s/ Lonnie C. Simmons
Lonnie C. Simmons (W.Va. I.D. No. 3406)
**DIPIERO SIMMONS MCGINLEY & SIMMONS, PLLC**
P.O. Box 1631
Charleston, West Virginia 25326-1631
(304) 342-0133
lonnie.simmons@dbdlawfirm.com