**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**


TONY A. MEADE,

                              Plaintiff,

v.                                                      CIVIL ACTION NO.   2:19-cv-00647

BARRY MYNES, JR., et al.,

                              Defendants.


**MEMORANDUM OPINION AND ORDER**


Before the Court is a partial motion to dismiss filed by Defendants J. Sheppard and J. Tincher (collectively, "Defendants").   (ECF No. 15.)   For the reasons discussed more fully herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.

*I.        BACKGROUND*

The following facts are drawn from the Amended Complaint, (ECF No. 4), and for purposes of the motion are assumed to be true.

On September 20, 2017, Plaintiff Tony Meade ("Plaintiff") was driving in Mingo County, West Virginia, when police officers "began chasing him with their emergency lights activated." (*Id.* at ¶ 10.)   The chase ended in Logan County, West Virginia, when two of the officers' vehicles collided with Plaintiff's truck.   (*Id.* ¶¶ 11–12.)   Plaintiff was then pulled out of his truck, thrown face down on the ground, and handcuffed.   (*Id.* ¶¶ 13–14.)   While Plaintiff was handcuffed, one of the officers "kicked Plaintiff in the head a couple of times."   (*Id.* ¶ 14.)   The two other officers took no action to intervene and stop the alleged assault.   (*Id.* at ¶ 15.)

Plaintiff was then placed under arrest and taken to the Logan Regional Medical Center. (*Id.* ¶ 17.)   There, he was treated for nasal bone fractures, facial lacerations, swelling in the eyes, and shoulder, wrist, and hand pain.   (*Id.* ¶ 18.)   Plaintiff contends that he continues today to suffer from frequent headaches.   (*Id.* ¶ 20.)   On September 19, 2019, Plaintiff filed the operative complaint asserting causes of action against the officers [1] in their individual capacities for excessive force and bystander liability pursuant to 42 U.S.C. § 1983; violations of Article III, Sections 1, 5, 6, and 10 of the West Virginia Constitution; and common law negligence.   (*Id.* ¶¶ 21–44.)   In addition, Plaintiff seeks a court order directing "Defendants to undergo additional training and education addressing Defendants['] [alleged] use of excessive and wrongful force, the development of policies to preclude such actions in the future, and the implementation of discipline against Defendants to hold them accountable for their wrongful actions."   (*Id.* ¶ 29.)

On March 9, 2020, Defendants filed the instant motion to dismiss.   (ECF No. 15.) Plaintiff filed a timely response on March 23, 2020, (ECF No. 21), and Defendants filed a timely reply on March 31, 2020, (ECF No. 23).   As such, the motion is fully briefed and ripe for adjudication.

## II.   *LEGAL STANDARD*

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).   To withstand a motion to

---

[1] In addition to Sheppard and Tincher, the Amended Complaint names E. Williams, who was previously dismissed, Barry Mynes, Jr, and B. D. Cobb.   Mynes and Cobb have not moved to dismiss any of the claims against them.

dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).   Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Ms. King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).

In evaluating the sufficiency of a complaint, the court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.   The court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.*   Review of the complaint is "a context-specific task that requires [the court] to draw on its judicial experience and common sense." *Id.*   "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

3

### III.     DISCUSSION

In their motion to dismiss, Defendants argue that all of Plaintiff's claims, including any claim for equitable relief,[2] fail as a matter of law.   The Court will address each claim in turn.

### A.  Negligence

Defendants first move to dismiss Plaintiff's common law negligence claim because it is based solely on alleged intentional conduct.   To state a negligence claim under West Virginia law, a plaintiff must "show four basic elements: duty, breach, causation, and damages."   *Hersh v. E-T Enterprises, Ltd. P'ship*, 752 S.E.2d 336, 341 (W. Va. 2013) (abrogated by statute on other grounds).   As a rule, a plaintiff "[cannot] prevail on a claim of simple negligence based on [a defendant's] intentional act."   *Smith v. Lusk*, 533 F. App'x 280, 284 (4th Cir. 2013) (citing *Stone v. Rudolph*, 32 S.E.2d 742, 748 (W.Va. 1944)); *Weigle v. Pifer*, 139 F. Supp. 3d 760, 780 (S.D. W. Va. 2015) ("A mere allegation of negligence does not turn an intentional tort into negligent conduct.") (citations omitted).

This Court has previously recognized that "[c]onduct that supports a negligence claim can be distinguished from conduct that supports an intentional tort claim by examining the subjective intent of the alleged tortfeasor."   *Id.*   Specifically, "[i]ntentional torts, as distinguished from negligent or reckless torts . . . generally require that the actor intend 'the consequences of an act,' not simply 'the act itself.'"   *Id.* (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998)); *see also Mandolidis v. Elkins Indus., Inc.*, 246 S.E.2d 907, 913–14 (W. Va. 1978) ("The law of this jurisdiction recognizes a distinction between negligence, including gross negligence, and wilful [sic], wanton, and reckless misconduct.   The latter type of conduct requires a subjective

---

[2] Plaintiff clarifies in his response brief that he is not seeking any injunction.   (ECF No. 21 at 13.)   Thus, to the extent the Amended Complaint asserts a claim for injunctive relief, such claim is hereby **DISMISSED**.

realization of the risk of bodily injury created by the activity and as such does not constitute any form of negligence.") (superseded by statute on other grounds).

Plaintiff concedes that his negligence claim is based on intentional conduct on the part of Defendants.   (ECF No. 21 at 5.)   Indeed, the only alleged facts involving Defendants' conduct are intentional acts, i.e. that the officers "pulled Plaintiff out of his truck", "threw him . . . on the ground", "kicked Plaintiff in the head a couple of times", and did nothing to stop the physical assault.   (ECF No. 4 ¶¶ 13–15.)   Additionally, the Amended Complaint alleges that "Defendants' conduct was carried out with a conscious, reckless and outrageous indifference to the health, safety and welfare of Plaintiff . . . ."   (*Id.* ¶ 44.)   Plaintiff contends that his negligence claim is asserted as an alternative theory of liability, but fatally no additional facts are pled that could support a plausible negligence claim.   *See e.g., Brown v. J.C. Penney Corp.*, 521 F. App'x 922, 924 (11th Cir. 2013) (per curiam) ("A claim for negligence cannot be premised solely on a defendant's alleged commission of an intentional tort."); *Taylor v. Clay Cty. Sheriff's Dep't*, No. 2:19-cv-00387, 2020 WL 890247, at *7 (S.D. W. Va. Feb. 24, 2020) (dismissing negligence claim based on alleged intentional unlawful entry).   Accordingly, Plaintiff's negligence claim is **DISMISSED** as to these Defendants for failure to state a claim upon which relief could be granted.   As such, the Court need not address whether statutory immunity applies under W. Va. Code § 29-12A-5(b).

### B.  State Constitution Tort Violations

Next, Defendants argue that Plaintiff's state constitutional tort claims under Art. III, §§ 1, 5, 6, and 10 of the West Virginia Constitution fail as a matter of law because they are inapplicable and do not give rise to independent causes of action for monetary damages.   Defendants are correct that Art. III, § 1 of the West Virginia Constitution, entitled the Bill of Rights, "is a statement

of basic principle" and does not independently give rise to a cause of action.   *Krein v. W. Va. State Police*, No. 2:11-cv-00962, 2012 WL 2470015, at *6 n.6 (S.D. W. Va. June 27, 2012); *Spry v. W. Virginia*, No. 2:16-cv-01785, 2017 WL 440733, at *10 (S.D. W. Va. Feb. 1, 2017); *Murray v. Matheney*, No. 2:13-cv-15798, 2017 WL 4849113, at *7 (S.D. W. Va. Oct. 26, 2017). Accordingly, this claim is hereby **DISMISSED** as there is no such cause of action in West Virginia.

Article III, § 5 of the West Virginia Constitution is the State's counterpart to the Eighth Amendment of the United States Constitution and prohibits cruel and unusual punishment.   *See State v. Vance*, 262 S.E.2d 423, 425 (W. Va. 1980).   It is well-established that the Eighth Amendment "was designed to protect those convicted of crimes", *Ingraham v. Wright*, 430 U.S. 651, 664 (1977), and, thus, is only applicable after there has been "a formal adjudication of guilt." *Id.* at 671 n.40.   Since there is no allegation that Plaintiff had been convicted of a crime, his claim under Art. III, § 5 of the West Virginia Constitution is also **DISMISSED**.

Article III, § 10 is "West Virginia's equivalent to the federal Due Process Clause", which provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers."   *Murray*, 2017 WL 4849113, at *8 (citation and internal quotation marks omitted).   The Supreme Court has made clear that due process claims are not cognizable where a specific constitutional provision governs the alleged conduct.   *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (stating, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").

6

Plaintiff's state constitutional claims, like his federal constitutional claims under § 1983, are predicated on allegations of excessive force.    (ECF No. 4 ¶¶ 36–37.)    It is well established in this district that "claims of excessive force are more appropriately analyzed under the more textually specific Fourth Amendment (and its state analog) than the more generalized due process clause."    *Krein*, 2012 WL 2470015, at *6; *see also Nutter v. Mellinger*, 2:19-cv-00787, 2020 WL 401790, at *6 (S.D. W. Va. Jan. 23, 2020); *Harper v. C.O. Joseph Barbagallo*, No. 2:14-cv-07529, 2016 WL 5419442, at *13 (S.D. W. Va. Sept. 27, 2016).    Therefore, Plaintiff's claim under Article III, § 10 of the West Virginia Constitution is **DISMISSED**.

Similarly, Art. III, § 6 of the West Virginia Constitution parallels the Fourth Amendment of the United States Constitution and protects against unreasonable searches and seizures. Defendants contend that though this provision is relevant to the alleged conduct, there is no private right of action for monetary damages for claims arising under this Section of the State constitution in West Virginia.    Plaintiff counters that, under *Hutchinson v. City of Huntington*, 479 S.E. 2d 649 (W. Va. 1996), "there is no question that State constitutional tort actions are recognized in West Virginia."    (ECF No. 21 at 8.)

Multiple opinions from this district are in accord with the position that monetary damages are not available as a remedy for violations of this Section of the West Virginia Constitution.    *See Nutter*, 2020 WL 401790, at *6 (holding "that a private plaintiff cannot bring a claim for damages under Article III, § 6 of the West Virginia Constitution when there is not an independent statute authorizing such a cause of action"); *Smoot v. Green*, No. 2:13-10148, 2013 WL 5918753, at *4–5 (S.D. W. Va. Nov. 1, 2013) (dismissing the plaintiff's West Virginia Constitution claims "to the extent the claims under Article III seek monetary relief. . . ."); *Spry*, 2017 WL 440733, at *7.    Left

7

without guidance from the West Virginia Legislature or courts, this Court most recently certified this specific question to the West Virginia Supreme Court of Appeals for resolution in *Fields v. Mellinger*, 2:19-cv-00493 (S.D. W. Va. Mar. 3, 2020).   The Court is awaiting a decision from the West Virginia Supreme Court of Appeals as to whether it will accept the question presented in *Fields*.   **If Plaintiff intends to proceed with this claim, the Court will stay this action pending a final decision from the West Virginia Supreme Court of Appeals.**   Plaintiff is **DIRECTED** to notify this Court in writing and within seven (7) days of this order whether he intends to pursue this claim or if he will dismiss it voluntarily to avoid a stay in this case.

*C.  Section 1983*

In Count I of the Amended Complaint, Plaintiff asserts violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution under § 1983 for excessive force and bystander liability.   The Amended Complaint does not identify which defendants should be liable for bystander liability.   Instead, Plaintiff maintains that discovery is necessary to identify the role each specific officer played during the occurrence described in the pleading.   Highlighting this omission from the Amended Complaint, Defendants argue this claim must be dismissed for failure to state a claim upon which relief can be granted.

The Fourth Circuit has recognized that a bystander liability claim is "premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them."   *Randall v. Prince George's Cty., Md.*, 302 F.3d 188, 203 (4th Cir. 2002).   To establish a theory of bystander liability, the plaintiff must allege that the officer "(1) knew that a fellow officer was violating an individual's constitutional rights; (2) had a reasonable opportunity to prevent the

harm; and (3) chose not to act." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 417 (4th Cir. 2014) (alterations and citation omitted).

Here, Plaintiff alleges that after he was handcuffed, two of the defendants were on his back while one defendant kicked Plaintiff in the head.   He further alleges that none of the defendants took action to intervene or stop the other officer from kicking him.   It can be inferred from these factual allegations, accepted as true and viewed in light most favorable to Plaintiff, that Defendants were aware of the alleged constitutional violation and could have taken action to prevent it.   *See id.* at 419 (explaining, "[t]he very essence of bystander liability . . . is premised on an individual's passivity and nonparticipation while another individual violates a person's constitutional rights— not on the bystander actively causing the harm."); *see also Jamison v. Taylor*, No. 7:15-cv-00098, 2016 WL 723046, at *1 (W.D. V.A. Feb. 22, 2016) (finding that an officer could be held liable based upon bystander liability for failing to intervene to stop excessive force by a fellow officer). Accordingly, Defendants' motion to dismiss this claim is **DENIED**.

### D.  Punitive Damages

Throughout the Amended Complaint, Plaintiff seeks an award of punitive damages against all defendants.   Defendants argue that W. Va. Code § 29-12A-7(a) precludes an award of punitive damages against them with the exception to Plaintiff's § 1983 claim because the City of Logan is a political subdivision and the allegations against Defendants stem from their employment with the City of Logan.   West Virginia Code Section 29-12A-7(a) provides, in relevant part, that "in an action against a political subdivision or its employee to recover damages for injury, . . . caused by an act or omission of such political subdivision or employee . . . an award of punitive or exemplary damages against such political subdivision is prohibited."   Notwithstanding this

9

provision, the law allows for an award of punitive damages against employees of a political subdivision sued in their individual capacities. *See Huggins v. City of Westover Sanitary Sewer Bd.*, 712 S.E.2d 482, 487–88 (W. Va. 2011).

The Court has already concluded that Plaintiff cannot maintain a common law negligence claim or claims for state constitutional violations under Art. III, §§ 1, 5, and 10 of the West Virginia Constitution. Additionally, since Defendants do not challenge Plaintiff's entitlement to punitive damages for claims under § 1983, the only question that remains is whether punitive damages may be claimed against Defendants for violations of Art. III, § 6 of the West Virginia Constitution. Since the Amended Complaint unequivocally asserts this claim against Defendants in their individual capacity, Plaintiff's claim for punitive damages may continue. *See Honaker v. Town of Sophia*, No. 5:15-cv-03483, 2015 WL 4660082, at *7 (S.D. W. Va. Aug. 5, 2015); *Robinette v. Judy*, No. 1:15-cv-25, 2015 WL 7272378, at *6 (N.D. W. Va. Apr. 28, 2015), *report and recommendation adopted*, 2015 WL 7258507 (N.D. W. Va. Nov. 17, 2015); *Gaylord v. City of Beckley, W. Virginia*, No. 5:18-cv-00177, 2018 WL 3581093, at *6 (S.D. W. Va. July 25, 2018). According, Defendants' motion to dismiss Plaintiff's punitive damages claim is **DENIED**.

*IV.     CONCLUSION*

For the foregoing reasons, Defendants' Partial Motion to Dismiss, (ECF No. 15), is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's common law negligence claim and state constitutional tort claims under Article III, Section 1, 5, and 10 of the West Virginia Constitution are **DISMISSED** as to these defendants.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      July 6, 2020

_____

THOMAS E. JOHNSTON, CHIEF JUDGE

11